■ MICHAEL J. TULLY, III, Appellant, v TOWN OF NORTH HEMPSTEAD et al., Respondents. (And Third-Party Actions.) [621 NYS2d 352] —In an action to recover damages for personal injuries sustained in a motor vehicle accident, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Rossetti, J.), entered May 15, 1991, which, upon a jury verdict, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when, while making a left or southbound turn from Waldo Avenue into the southbound lane of Glen Cove Road, his car was struck broadside by a northbound vehicle driven by the defendant Fred White. The plaintiff claimed, *inter alia,* that the intersection was a dangerous one, in that the heavy and constant flow of traffic on Glen Cove Road did not allow for safe egress from Waldo Avenue, and that the municipal defendants, the County of Nassau and the Town of North Hempstead, were negligent in not taking proper steps to ameliorate the condition. We find that the plaintiff failed to sustain his burden of proving that the plan of the County's traffic engineering department to install a "Do Not Block Side Street" sign on Glen Cove Road rather than some other sign or device "evolved without adequate study or lacked reasonable basis" *(Weiss v Fote,* 7 NY2d 579, 589; *see, Alexander v Eldred,* 63 NY2d 460).

The County's director of traffic engineering testified that six years prior to the plaintiff's accident, in response to a letter of complaint from a local resident, his department conducted a traffic survey of the intersection and determined that a traffic signal was not warranted. The determination was based upon various factors, including the low volume of traffic using Waldo Avenue, the traffic gaps created by the signals at nearby intersections, the further congestion and safety risks that an additional traffic light would create, and the lack of prior vehicular accidents at that location. To the extent that the opinions of the plaintiff's experts were to the contrary,

they merely raised issues for resolution by the jury and should not be substituted for the considered judgment of the County's traffic engineer *(see, Weiss v Fote, supra; Friedman v State of New York,* 67 NY2d 271). Moreover, the jury heard evidence that the plaintiff stopped his car in the middle of Glen Cove Road rather than wait on Waldo Avenue for a clear break in the north and southbound traffic. Therefore, there was a fair interpretation of the evidence to support the jury's determination that the intersection was not dangerous and that the plaintiff's own negligence was a proximate cause of the accident *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Lawrence, Joy and Krausman, JJ., concur.